## PAPPAS v. PAPPAS.
### No. 14160.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 10, 1941.

Theo Koenig and M. Kleberg, both of Fort Worth, for appellant.

Leake, Henry, Young & Golden and J. M. Hoppenstein, all of Dallas, for appellee.

BROWN, Justice.

Appellant, Mary Pappas, brought suit in the district court of Tarrant County, Texas, seeking a decree of divorcement from appellee, Harry N. Pappas, an injunction to prevent appellee from disposing of certain properties, and an order granting her alimony pending a hearing of the cause on its merits.

The petition is couched in language complying with the provisions of Article 4631, Revised Civil Statutes of Texas,

Vernon's Ann.Civ.St. art. 4631, but appellee presented a plea in abatement attacking the allegations of the petition, wherein the petitioner claims to have been an actual bona fide inhabitant of the State of Texas for twelve months, and a resident of the county in which the suit was filed for six months, next preceding the filing of the suit.

The trial court, without a hearing, granted the prayer for an injunction and ordered the appellee to pay alimony to appellant in weekly instalments of $50 each.

On January 27th, 1940, on a hearing of the plea in abatement, which was tried by the Hon. Glover Johnson, as special judge of said court, in the absence of the duly elected judge thereof, the plea was sustained and the order granting alimony to the petitioner was set aside and the cause was dismissed, and the petitioner excepted and gave notice of appeal to this court.

Thereafter, on February 16th, 1940, the petitioner, Mary Pappas, perfected her appeal by filing a cost bond that was approved by the district clerk of Tarrant County.

Thereafter, on February 20th, 1940, the duly elected district judge, presiding over said court, attempted to continue in full force and effect the order for alimony which had been made by the court in January, 1940, which order had been set aside and held for naught, by the said special judge of said court, on January 27th, 1940, and the following language is used in said order:

"Accordingly, it is this 20th day of February, 1940, ordered, adjudged and decreed by this court that the order of January 2nd, 1940, granting plaintiff alimony in this cause, and that the injunction herein prayed for and granted by this court on the 10th day of January, 1940, be, and the same are hereby made to continue and remain in full force and effect till the appeal taken in this cause and this lawsuit have been finally adjudicated and determined, and it is so ordered."

The question raised by the appellant is presented in several different propositions that all boil down to one contention, namely: Was the action of the trial court in sustaining the defendant's plea in abatement correct, in view of the fact that the district courts of the State of Texas are alone vested with the authority and power to grant decrees of divorcement and they alone have jurisdiction of such cases, even though it be made to appear that the petitioner in the divorce proceeding, at the time the matter is brought to the attention of the trial court, by a proper plea has not been a bona fide inhabitant of the State of Texas for twelve months next preceding the filing of the suit, and has not been a resident citizen of the county in which the suit was filed, for six months next preceding the filing of such suit?

The contention is made that the provisions of the statute above mentioned are not jurisdictional, that the trial court should have kept the cause pending until such time as the provisions of said Article 4631 (R.C.S.) have been complied with, and that such court has the right to continue in full force and effect the alimony order and the injunction order.

We are of opinion that these contentions are not sound, in the case at bar.

Fortunately, the Supreme Court has heretofore adopted an opinion by the Commission of Appeals in the case of Aucutt v. Aucutt et al., 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198, and we believe the questions presented to us have been set at rest.

█ Let it be remembered that no citizen has an inherent or vested right to obtain a decree dissolving what should be "the sacred bonds of matrimony" in any court in the State of Texas. Section 8 of Article 5 of the Constitution of the State of Texas, Vernon's Ann.St., declares that: "The District Court shall have original jurisdiction * * * of all cases of divorce", but there is no attempt on the part of the Constitution to designate any "ground" or "grounds" upon which a bill of divorcement may be granted, nor is there any provision prescribing any necessary qualifications on the part of one petitioning for a divorce as prerequisite to the right to bring such an action.

All these matters are left to the wisdom of the lawmaking body.

█ It follows that the State and society have an interest in keeping intact all such contracts and in protecting them to the fullest extent. This is true because such contracts form the basis of a decent social order, the solid foundation of the homes of the people and are necessary to produce and protect a civilization that nurtures the spiritual side of mankind.

■ All this being true, the lawmaking body of this State is vested with authority to deny its citizens the right to secure a bill of divorcement through any of its courts, by declining to enact a statute providing for grounds necessary to support a judgment for divorce, or it may limit the grounds so as to render it very difficult to obtain such a judgment, or it may require such strict, necessary prerequisites to the right to bring such a suit that but few citizens could maintain such an action in the courts. In other words, no rule having been laid down in the Constitution and no restriction upon the powers of the lawmaking body having been incorporated therein, the Legislature, in its wisdom, is given rather full and complete authority over the matter of providing for such causes of action, and necessarily has full authority not only to prescribe and lay down in plain language any and all so-called "grounds" for the securing of such judgments, but it may, in its wisdom, also prescribe any "qualifications" which it declares a petitioner must have before such petitioner is entitled to seek such relief in any of the State courts.

The article on which the petitioner must rely (4631) distinctly provides: "No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an 'actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same."

Mr. Justice Critz, in the Aucutt case, speaking for the court of Last Resort in Texas, said [122 Tex. 518, 62 S.W.2d 79, 89 A.L.R. 1198]: "We hold that it is not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases. The plaintiff must possess the qualifications prescribed by article 4631 before he is entitled to prosecute a divorce suit in the courts of this state."

We do not see how the Supreme Court could have made plainer its construction of the statute in question or what better guidepost it could have erected for the courts of this State.

Under the findings of the trial court, in the instant suit, the petitioner, Mary Pappas, did not possess these necessary qualifications. The evidence sustains the trial court's findings.

■ It is evident to us that the order of the district court, attempting to keep in force the order for alimony and for the injunction, cannot stand, under the facts in this case.

If, as the statute above relied upon prescribes, a petitioner is not permitted to maintain a suit for divorce in the courts of this State unless the petitioner possesses the qualifications prescribed by the statute, it is evident that such a petitioner is not entitled to seek any relief that is ancillary or incident to the action seeking a divorce.

If this were not true, then the provisions of the statute would be without force and the words used therein would become as "sounding brass and a tinkling cymbal."

For the reasons stated, the judgment of the trial court sustaining the defendant's plea in abatement and setting aside the order requiring the defendant to pay the plaintiff alimony is affirmed, and the order of the trial court, of date February 20th, 1940, attempting to keep in full force and effect said order for alimony and the injunction theretofore granted is reversed and vacated.