Margaret C. BEVERLY, Appellant,

v.

David Edward BEVERLY, Jr., Appellee.

No. 5914.

Court of Civil Appeals of Texas,
Waco.

June 15, 1978.

Rehearing Denied July 6, 1978.

Boyd B. Mangrum and Charles M. McDonald, Clark, Fisher, Gorin, McDonald & Ragland, Waco, for appellant.

W. Vance Dunnam and Jim Meyer, Dunnam, Dunnam & Dunnam, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a child custody case, involving an application for writ of habeas corpus opposed by a motion to modify the managing conservatorship, and an application of Section 14.10(b)(2) of the Texas Family Code.

On June 26, 1974, Appellant Margaret C. Beverly and Appellee David Edward Beverly, Jr., were divorced by the Circuit Court of Lee County, Alabama, in which judgment Mrs. Beverly was awarded the full custody of their child, David Edward Beverly, III, a boy born August 23, 1971, with reasonable visitation rights being awarded to Mr. Beverly.

Then on January 31, 1978, Mrs. Beverly filed suit against Mr. Beverly in the Alabama Court wherein the divorce was granted, alleging arrearages in child support payments, and dealing with custody and possession of the child. After Mr. Beverly had been served with citation in this last-named Alabama suit, he (Mr. Beverly) on February 17, 1978, filed a suit in a District Court of McLennan County, Texas, asking that court to modify the Alabama divorce judgment so as to award him the managing conservatorship or legal custody of the child. On that same day, to wit, on February 17, 1978, the trial court immediately appointed Mr. Beverly temporary managing conservator of the child until such time as a hearing could be held. A temporary restraining order against Mrs. Beverly was entered, and hearing set thereon for March 9, 1978.

On March 6, 1978, Mrs. Beverly filed a special appearance in the McLennan County, Texas, suit, challenging the jurisdiction of the Texas Court, accompanied by a plea in abatement setting up the prior pending Alabama suit and asserting the continuing jurisdiction of the Alabama Court in which the suit was pending; and in addition thereto, an application for writ of habeas corpus asserting her immediate right to possession of the child. All of Mrs. Beverly's pleadings, including her application for writ of habeas corpus, were filed in the same numbered and styled cause as Mr. Beverly's suit for managing conservatorship filed by him on February 17, 1978.

The trial court set for hearing all of these matters sued for by both Mr. Beverly and Mrs. Beverly, for March 9, 1978. The hearing was postponed one day due to the unavailability of the court, whereupon all matters were heard by the trial court on March 10, 1978.

After hearing, the trial court: (1) denied Mrs. Beverly's application for writ of habeas corpus; (2) extended the appointment of Mr. Beverly as temporary managing conservator during the pendency of the cause; and (3) temporarily enjoined Mrs. Beverly from interfering with Mr. Beverly's custody and possession of the child, and from re-

moving the child from the jurisdiction of the court. At all times material to this controversy, Mrs. Beverly was a resident of Alabama, while Mr. Beverly since about January 1977 was a resident of McLennan County, Texas.

Appellant Mrs. Beverly appeals on four points of error, asserting the trial court committed reversible error in denying her application for writ of habeas corpus (1) because she was the lawful custodian and entitled to immediate possession of the child under the Alabama divorce decree; (2) the trial court abused its discretion because said court violated the provisions of Section 14.-10(b) of the Texas Family Code which required that the pending custody suit be disregarded; (3) the child was within Appellant's possession and control for a period of time (eight days) occurring within the six months immediately preceding the filing of her application for writ of habeas corpus; therefore the trial court abused its discretion in denying the writ of habeas corpus and entering the injunction order against the Appellant; and (4) there is no evidence to support any of the findings essential to the actions of the trial court.

As stated before, Appellant and Appellee were divorced by an Alabama Court on June 26, 1974. Thereafter, in October, 1975, Mrs. Beverly asked Mr. Beverly to take possession of the child. In response to her request Mr. Beverly took the child and has had the possession and main responsibility of the child at all times for some two and a half years, up until the time of trial. During this period of time the child had visited at times with relatives, and during these times the Appellant mother visited the child for one week in Texas in 1976 when the child was ill, for periods during the summer months and during Christmas. Appellant had never sought the return of the child until she applied for the writ of habeas corpus, and since October 1975 the child was in the Appellee father's control and possession with the approval of the Appellant mother. Specifically, from and after a visitation she had with the child in the summer of 1977, she had not seen or been with the child but one time up until

the time of trial, that being an eight-day period from December 26, 1977, to January 2, 1978. At the time of trial, the child was some 6½ years of age, and was in school in Waco, Texas. Testimony from the father and the child's school teacher was to the effect that the child was well-adjusted mentally and emotionally, a good student, his needs were well met, and he was well cared for.

■ Section 14.10 of the Texas Family Code, as amended effective August 29, 1977, dealing with habeas corpus, in its pertinent parts provides:

"(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order."

"(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

"(1) [not applicable], or

"(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ."

The Appellant argues that since the child was in her possession for an eight-day period from December 26, 1977, until January 2, 1978, for a Christmas holiday visit, that the six-month period (immediately preceding the filing of her application for a writ of habeas corpus) has been interrupted, and therefore the trial court was required under Section 14.10(b) to disregard Mr. Beverly's suit for modification and grant her application for writ of habeas corpus. If this eight-day visitation is long enough or significant enough to interrupt Mr. Beverly's six months possession of the child immediately preceding the filing of Mrs. Beverly's application for writ of habeas corpus, then the trial court surely committed reversible error in denying Mrs. Beverly's application

for writ of habeas corpus. See *Standley v. Stewart* (Tex.1976), 539 S.W.2d 882; *McElreath v. Stewart* (Tex.1977), 545 S.W.2d 955; *Strobel v. Thurman* (Tex.1978), 565 S.W.2d 238.

On the other hand, the Appellee contends that this eight-day visitation wherein Mrs. Beverly had possession of the child was so insignificant as not to constitute an interruption of Mr. Beverly's possession for said six-month period, citing the reasoning of our Supreme Court in *Lamphere v. Chrisman* (Tex.1977), 554 S.W.2d 935, at page 938. *Lamphere* dealt with an interruption in the twelve-month period prescribed by Section 14.10(b)(2) prior to its 1977 amendment. The language of Section 14.10(b) construed in *Lamphere* (prior to the 1977 amendment) in its pertinent parts read as follows:

"(b) The court shall disregard any cross action or motion pending for modification . . . unless it finds that the previous order was granted by a court of another state or nation and that:

.     .     .     .     .

"(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ." In *Lamphere,* the court held that an interruption of two months and six days was significant enough to interrupt the twelve-months period, and that the trial court erred in refusing to immediately grant the writ of habeas corpus.

We believe the reasoning of our Supreme Court as stated on page 938 of *Lamphere* under syllabus 7 has application to the case at bar, as follows:

"Thomas argues that it would be absurd to require the child's presence to be continuous and uninterrupted for the entire twelve-month period. We are inclined to agree that such a strict construction might lead to absurd results. We do not believe the Legislature intended that a child's mere absence from this state for a few hours or days should prevent a Texas court's redetermination of the right to possession in a habeas corpus proceeding. For example, if

a child were sent to a summer camp in another state, or accompanied her father on an ordinary vacation trip in another state, such a temporary absence would not automatically terminate the time period in Texas. Counsel for Judith concedes this. On the other hand, the Legislature could have stated, had it so intended, that the child's presence should be for the principal part of the preceding twelve-month period. See, e.g., Section 11.06(b). Despite the absence of such language, we believe that the Legislature did not intend that the child's presence in Texas be continuous and uninterrupted for the entire twelve-month period. We hold that the child must be present in Texas for the period specified by Section 14.10(b)(2), except for absences which are so brief as to be insignificant. This question is one of law that the court should decide in view of the facts and circumstances of the particular case."

■ Applying the rationale in *Lamphere* to the case before us, we are of the opinion and hold that Mrs. Beverly's eight-day possession of the child during the Christmas holiday season was "so brief as to be insignificant." This eight-day visit is analogous to a "summer camp" or "ordinary vacation trip" discussed in *Lamphere,* each of which were deemed by the Supreme Court such temporary absences as would not automatically terminate the time period in question. Under our view of the instant case, we hold that the trial court had the right and discretion to consider Mr. Beverly's motion for managing conservatorship and to deny Mrs. Beverly's application for writ of habeas corpus. We accordingly affirm this portion of the trial court's judgment.

■ However, Appellant's brief points out that the trial court erred in entering its temporary injunction order against Mrs. Beverly, because said order does not set forth the reasons for its issuance, as required by Rule 683, Texas Rules of Civil Procedure. We sustain this contention. *State v. Cook United, Inc.* (Tex.1971), 464 S.W.2d 105, 106. Also see *City of Houston v. Rose* (Houston 1st CA 1962), 361 S.W.2d 477, no writ; *Charter Medical Corp. v. Mil-*

*ler* (Tex.Civ.App.1977), 547 S.W.2d 77, 78, no writ. Accordingly, we reform the trial court's judgment by dissolving the temporary injunction against Mrs. Beverly. In all other respects, judgment of the trial court is affirmed.

REFORMED AND AFFIRMED.