**Dale Virgil MLCOCH, Appellant,**

v.

**Mary Jo MLCOCH, Appellee.**

No. 20840.

Court of Civil Appeals of Texas, Dallas.

Feb. 17, 1981.

Bill Boyd, Boyd, Veigel & Gay, McKinney, for appellant.

Richard G. Danner, Jr., Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

This is an appeal from the grant of certain temporary injunctions ancillary to a suit for divorce. Mary Jo Mlcoch sued Dale Mlcoch for divorce. Ancillary to the divorce suit she sought and obtained certain temporary restraining orders, which, after hearing, the trial judge ripened into temporary injunctions. Her husband filed a plea in abatement on the ground that his wife did not meet the residency requirement of Tex.Fam.Code Ann. § 3.21, which provides that no suit for divorce may be maintained unless one of the parties has been a domiciliary of the state for the preceding six-month period. Nevertheless, the trial judge overruled the plea and continued the temporary restraining orders in force as temporary injunctions. We reverse the order of the trial judge granting the injunctions and dissolve them on the grounds that the injunctions cannot be supported as ancillary relief to a divorce suit where the residence requirement has not been met and that the injunctions, standing alone, fail to comply with Tex.R.Civ.P. 683 in that the injunctions fail to state reasons necessitating their grant.

Because this appeal was likely to become moot, we advanced this case and heard it within five days rather than in regular course. In connection with this appeal we issued our order staying enforcement of the injunctions by contempt. That order, also, is now dissolved.

█ The first question presented is whether a court may grant an ancillary temporary injunction when a party has not met the residence requirements of section 3.21 to maintain the original action. We hold that in such a situation ancillary relief may not be granted. *Pappas v. Pappas*, 146 S.W.2d 1115, 1117 (Tex.Civ.App.—Fort Worth 1941, no writ). In *Pappas*, the court was confronted with the question of wheth-

er temporary alimony and a temporary injunction may be granted pending divorce, where the residence requirements had not been met. The court held that, although the residence requirement was not jurisdictional but rather pertained to qualification to maintain suit, citing *Aucutt v. Aucutt*, 122 Tex. 518, 62 S.W.2d 77, 79 (1933), neither divorce nor any other relief could be granted until the qualifications for maintaining the main action were met. We agree with the rationale of *Pappas* and conclude that it applies to section 3.21 of the Family Code. Although that case was a pre-code decision, it was based on a statute, which like section 3.21, provided that "[n]o suit for divorce shall be maintained" unless the petitioner had been a resident of the state for the prescribed period. Nothing in present section 3.21 would justify a different construction. Accordingly, we hold that the trial judge abused his discretion in granting injunctions ancillary to the main divorce suit.

 We turn now to whether the injunctions may be upheld apart from the divorce action. We conclude that they may not because the injunctive order does not comply with rule 683, which provides:

Every order granting an injunction and every restraining order *shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document*, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. [Emphasis added.]

The order here merely recites: "The temporary restraining order heretofore issued is made a temporary injunction." Thus, it fails to adhere to the mandatory provision of the rule and cannot be upheld as an injunction apart from the divorce suit. *E. g., Charter Medical Corp. v. Miller*, 554 S.W.2d 220 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.).

We note that, contrary to appellee's contention, nothing in the Family Code prevents this rule from applying even where the divorce action is properly maintainable. Indeed, the Waco Court of Civil Appeals in *Beverly v. Beverly*, 567 S.W.2d 618, 621–22 (Tex.Civ.App.—Waco 1978, writ dism'd) held in a case concerning managing conservatorship that rule 683 applied, citing our earlier decision in *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ). We agree with the Waco Court of Civil Appeals that rule 683 is applicable to Family Code related injunctions as well as injunctions generally.

Order reversed and injunction dissolved.