**Eugene OAK, Trustee to Tom and Sue Oak, Appellant,**

v.

**Kay OAK, Appellee.**

**No. C14–90–804–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 5, 1991.

David A. White, of Houston, for appellant.

John D. Payne, of Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a constructive trust imposed on insurance proceeds by the probate court. The probate court ruled that appellee's deceased husband violated a temporary injunction entered by the district court forbidding any change in the beneficiary on a term life insurance policy. After the injunction was entered, the decedent changed the named beneficiary from appellee, Kay Oak, to appellant, Eugene Oak. In two points of error, appellant, the decedent's brother, argues that the probate court erred in: (1) imposing a constructive trust on the proceeds because the district court's order was void; and (2) ruling that there was a valid and operative change of beneficiary by the decedent as a matter of law. We affirm.

The record reflects that the decedent, Yoon Oak, and appellee, Kay Oak, were married in Korea in 1974. They emigrated to the United States in 1976 and eventually took up residence in Bismarck, North Dakota until May 1986. At that time, the Oaks planned to move to Fremont, California because there were employment possibilities for appellee there. The decedent had been diagnosed with lymphoma and was unable to work due to his illness. Appellee testified that her parents supported

them in the interim. In May of 1986, appellee, her two children, and appellee's parents made a trip to Florida before the family was to relocate to California. On June 1, 1986, appellee returned to Bismarck and discovered that the decedent had left for California with his mother and appellant. Appellee flew to California with her children and attempted to contact the decedent. She met with appellant on a number of occasions but was not permitted to speak with her husband until June 10, 1986. Appellee testified that appellant, as the head of the family, could, in effect, dictate to the decedent how to run his life. She requested that the decedent come live with her and their children, but he chose to remain with appellant and his mother. On June 18, 1986, the decedent departed California and left the following message for appellee: "I will talk to you later." He called the next day from appellant's house in Houston and told appellee to come to Texas.

Upon arriving in Houston, appellee discovered that the decedent had filed a petition for divorce on June 23, 1986. Appellee secured the services of an attorney and answered the suit on July 17, 1986. Following a hearing, a temporary restraining order was entered on July 17, 1986, prohibiting the parties from, among other things, "[c]hanging or in any manner altering the beneficiary designation on any life insurance on the life of Cross–Petitioner [Kay Oak] or Cross–Respondent [Yoon Oak] or the parties' children." Appellee was listed as the primary beneficiary on a term life insurance policy on the decedent with the Life Insurance Company of Virginia in the amount of $500,000. A temporary injunction was then entered on January 7, 1987. The divorce action was actively prosecuted by both parties until the death of Yoon Oak on January 23, 1988.

On November 21, 1986, the decedent executed a change of beneficiary naming the new primary beneficiary as the "trustee under the insured's will." A notation attached to the form, apparently made by an employee of the life insurance company, indicates that Soo Duk Ra, the decedent's mother, was the trustee. The record contains correspondence from Life of Virginia to the decedent stating that a copy of a trust agreement was needed to implement the change of beneficiary to the decedent's mother. Nothing in the record indicates whether the decedent acted upon this request. Another change of beneficiary was executed on January 17, 1988, with appellant listed as the primary beneficiary and trustee for Yoon Oak's two minor children. Yoon Oak died six days later. The change of beneficiary notice was received by the insurance company following his death. After the will was admitted to probate, appellee filed a contest. The probate court ruled that the decedent had violated the temporary order imposed by the district court forbidding any beneficiary change and held that appellee, as the original beneficiary under the policy, was entitled to the proceeds of the policy, along with interest, interpled into the United States District Court Registry by Life of Virginia. The probate court severed this cause of action and this appeal followed.

Numerous questions are raised concerning the legal effect of the beneficiary change in this case. Other possible issues, all of which impact on a proper resolution of the parties' rights, were not presented to the appropriate lower courts and are, consequently, not before us on appeal.[1] Be-

1. Those issues that, from the record before us, were never presented to the district court or the probate court and may have dictated a different result on appeal are: (1) the character of the life insurance proceeds, *see, e.g., Givens v. Girard Life Ins. Co. of America,* 480 S.W.2d 421, 423–24 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.) (holding that group life insurance policy obtained through deceased husband's employment was community property) *and Parson v. United States,* 460 F.2d 228, 234 (5th Cir.1972) (holding that insurance policy purchased by husband during marriage while domiciled in common law state remained separate property after couple relocated to Texas); (2) whether a district court has the power to order an insured not to change the beneficiary on his insurance contract if the policy were, in fact, the insured's separate property, *see* Tex.Ins.Code Ann. art. 3.49–3 (Vernon 1981) *and Valdez v. Ramirez,* 574 S.W.2d 748, 750 (Tex.1978) (stating that property passing at death pursuant to a contract, such as life insurance, is a nonprobate asset governed by life-time transfer rules); (3) whether a pro-

cause appellant has essentially limited his appeal, we have only two narrow issues to resolve: (1) whether the temporary injunction was void because the district court held a hearing on the issue before the six-month residency requirement was completed; and (2) whether the fact that the insurance company received the change of beneficiary form after the death of the insured affects the attempted change.

In his first point of error, appellant argues that the district court's temporary injunction was void because the parties had not resided in Texas for six months. The Family Code provides that no suit for divorce may be maintained unless the petitioner or the respondent have been a domiciliary of Texas "for the preceding six-month period and a resident of the county in which the suit is filed for the preceding ninety-day period." TEX.FAM. CODE ANN. § 3.21 (Vernon 1975). The exact date that the decedent arrived in Texas is not apparent from the record, although it appears to have been June 18, 1986. It is undisputed, however, that he was not a resident of Texas for six months or of Harris County for ninety days. Similarly, appellee had not yet moved to Texas when the decedent's divorce petition was filed and she had only been in this state for approximately two weeks when she filed her answer. Appellant now argues that the district court lacked jurisdiction over the parties because neither had satisfied the statutory residence requirements. Appellant asserts that merely because the trial court held a *hearing* on the temporary restraining order before six months had elapsed, any action that followed thereafter was void. We disagree.

The residency requirements of section 3.21 are not jurisdictional, but, rather, prescribe the qualifications that must be met before a court may grant a divorce. *McCaskill v. McCaskill*, 761 S.W.2d 470, 472 (Tex.App.—Corpus Christi 1988, writ denied); *Svenson v. Svenson*, 629 S.W.2d 97, 98 (Tex.App.—Dallas 1981, no writ). Section 3.21 does not deal with jurisdiction, venue, or the right to bring a divorce action; it controls the right to maintain a suit. *Beavers v. Beavers*, 545 S.W.2d 29, 30 (Tex.Civ.App.—Waco 1976, no writ) (op. on reh'g). If a petition fails to allege the completion of the residency requirement, it may be attacked by a plea in abatement. *Svenson*, 629 S.W.2d at 98.

Here, the decedent alleged in his original petition that he had completed the prescribed residency requirements. Appellee answered with a general denial and did not attack the decedent's lack of the requisite six-month residency through a plea in abatement. The divorce action was then continued for almost eighteen months until Yoon Oak died in January 1988. Appellant, as trustee under the decedent's will, now asks this court to declare that an order entered by the district court was void for lack of jurisdiction when the decedent availed himself of the court in the first place. This we decline to do. The decedent's judicial admission of residence and domicile in his original petition for divorce prevents any challenge now of the failure of the parties to meet the residency requirements of section 3.21. *McCaskill*, 761 S.W.2d at 473; *Morris v. Morris*, 717 S.W.2d 189, 190 (Tex.App.—Austin 1986, no writ).

We also note that the temporary injunction complained of was signed by the judge on January 7, 1987, more than six months after the decedent moved to Texas. The change of beneficiary was executed on Jan-

---

bate court has the power to enforce a temporary injunction issued by a district court when the district court lost jurisdiction of the divorce proceeding upon the decedent's death, *see What-ley v. Bacon*, 649 S.W.2d 297, 299 (Tex.1983) (holding that death of a party abates a divorce action and its incidental inquiries of property rights and child custody) *and Garrison v. Texas Commerce Bank*, 560 S.W.2d 451, 453 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (holding the same); (4) whether the probate

court's imposition of a constructive trust was the proper remedy for violation of an injunction, *see, e.g., Estate of Korzekwa v. Prudential Ins. Co. of America*, 669 S.W.2d 775, 778 (Tex. App.—San Antonio 1984, writ dism'd) (holding that an injunction operates *in personam* and proceedings for violation of an injunction are in the nature of contempt); and (5) whether the decedent's designation of appellant as beneficiary constituted a gift of the proceeds, *see Givens*, 480 S.W.2d at 424.

uary 17, 1988. Therefore, the decedent had satisfied the requirements of section 3.21 at the time the order was signed. The district court judge was entitled to enter an injunctive order, under its broad power, to temporarily safeguard the parties' estate pending final division. *Dickson v. Dickson*, 516 S.W.2d 28, 31 (Tex.Civ.App.—Austin 1974, no writ).[2] The Dallas Court of Appeals has held that a trial court may not grant ancillary temporary injunctions to a divorce suit when the residency requirements of section 3.21 have not been fulfilled. *Mlcoch v. Mlcoch*, 612 S.W.2d 682, 683 (Tex.Civ.App.—Dallas 1981, no writ). In *Mlcoch*, the husband filed a plea in abatement on the ground that the wife had not satisfied the statutory six-month residency requirement. The trial court overruled his plea and entered temporary injunctions. The Dallas court reversed, stating that this was error because the court had been apprised of the wife's lack of residency. *Id.* We concur with the result reached in *Mlcoch* because the proper remedy to contest residency is through a plea in abatement. *Svenson*, 629 S.W.2d at 98. Once a plea in abatement is filed, a trial court should abate the action until at least one of the parties has completed the mandatory residency requirements. Here, however, no plea in abatement was filed and both parties submitted themselves to the jurisdiction of the court. It is simply too late now, after the death of the decedent, to contest the district court's jurisdiction. We hold that the fact that a hearing was held prior to the expiration of the six-month period does not render any subsequent action by the court automatically void.

▮ Furthermore, the record contains findings of fact and conclusions of law, submitted by appellee, that were returned unsigned by the trial judge. Appellant failed to request his own findings and conclusions. When findings of fact and con-

clusions of law are not filed or are not timely requested, the court of appeals must presume that all questions of fact were implicitly found in support of the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). We must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). Having found that the decedent violated a valid temporary injunction when he changed the beneficiary on the life insurance policy, we overrule appellant's first point of error.

In his second point of error, appellant argues that the "Probate Court erred as a matter of law in holding that there was no valid and operative change of beneficiary by Yoon Oak to change the beneficiary from Kay Oak to Eugene Oak." Appellant contends that the decedent followed the applicable procedure required by Life of Virginia to change the beneficiary under the policy. He supports his argument with authority that allowed changes of primary beneficiaries to become operative even though the insurance company received notice of the change after the death of the insured. *See, e.g., Price v. Supreme Home of the Ancient Order of Pilgrims*, 285 S.W. 310 (Tex.Comm'n App.1926, judgm't adopted); *Porter v. Garner*, 386 S.W.2d 618 (Tex.Civ.App.—El Paso 1965, writ ref'd n.r.e.).

However, the judgment recites that appellee, Kay Oak, "is, under the facts adduced in evidence, and the applicable law, entitled to the entirety of said proceeds, principal and interest...." The probate court did not specifically hold that a valid change of beneficiary had not occurred because Life of Virginia received the decedent's form after his death. The court merely held that appellee was entitled to the proceeds, presumably because the decedent violated a temporary injunction.[3] Be-

---

2. *See also* TEX.FAM.CODE ANN. § 3.58 (Vernon Supp.1991), which provides that the trial court "after notice and hearing may issue a temporary injunction for the preservation of the property and the protection of the parties as deemed necessary and equitable...."

3. One of the conclusions of law proffered to the district court judge by appellee reads: "There was no valid and operative change of beneficiary of the life insurance policy from the original beneficiary, KAY OAK." This conclusion, however, was not signed by the judge and,

cause no findings of fact and conclusions of law were returned by the probate court, we must uphold the judgment if we can do so on any legal theory supported by the evidence. *Roberson,* 768 S.W.2d at 281. Our ruling on appellant's first point of error is dispositive of all issues currently before us on appeal. We have already found that the decedent violated a valid temporary injunction issued by a district court judge that prohibited any change of beneficiary on his life insurance policy. Any argument as to whether or not the decedent followed the prescribed method under the policy for changing beneficiaries is now irrelevant. We overrule appellant's second point of error.

Accordingly, we affirm the judgment of the probate court.

therefore, is of no effect. *See* Tex.R.Civ.P. 297; *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).