**Opinion issued November 14, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00462-CV

————————————

## CUROCOM ENERGY LLC, Appellant

## V.

## YOUNG-SUB SHIM, Appellee

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-06630**

---

## O P I N I O N

In this dispute arising from the sale of oil and gas leases, Curocom Energy LLC has sued, among others, Young–Sub Shim, a Korean businessman. The trial court granted Shim's special appearance. Curocom appeals, contending that the trial court had personal jurisdiction over Shim. Finding no error, we affirm.

## Background

In November 2006, Woolim Energy purchased oil and gas leases in the Caliente Field, located in Karnes County, Texas. Woolim Energy is a Texas company and a wholly–owned subsidiary of Woolim Resources, a Korean company. Woolim Resources is a wholly–owned subsidiary of Woolim Construction, another Korean company. Young–Sub Shim is the chairman, CEO, and seventy percent shareholder of Woolim Construction. He was also a director of Woolim Resources and personally negotiated Woolim Energy's 2006 purchase. In February 2007, he also traveled to Texas and visited the Caliente Field. He met with its former owner, spending a few days in Texas.

In May 2007, another officer of Woolim Resources approached one of Curocom's officers to suggest a joint venture in the Caliente Field. After several meetings, Curocom's chairman traveled to Korea and met with Shim. There, Shim allegedly touted the advantages of the Caliente Field and assured Curocom's chairman that a joint venture would succeed. Shortly thereafter, Woolim Energy sold a ninety percent interest in the Caliente Field to Curocom. Curocom alleges that Shim knew of an unfavorable production report regarding the Caliente Field but failed to disclose it to Curocom. Curocom's claims against Shim individually stem from Shim's non-disclosure of unfavorable information regarding the Caliente Field during the meeting in Korea.

2

## Discussion

Curocom contends that the trial court should have exercised jurisdiction over its claims against Shim, because Shim had engaged in contacts with Texas sufficient to confer personal jurisdiction.

*Standard of Review*

We review de novo a trial court's decision to grant or deny a special appearance. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). A plaintiff bears the burden of pleading allegations that bring a nonresident defendant within the provisions of the Texas long-arm statute. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). A nonresident defendant challenging the court's exercise of personal jurisdiction through a special appearance carries the burden of negating those allegations. *Id.*; *Glattly v. CMS Viron Corp.*, 177 S.W.3d 438, 446 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

When a trial court issues findings of fact and conclusions of law in connection with its ruling on a special appearance, we review the findings of fact on legal and factual sufficiency grounds and the conclusions of law de novo. *BMC Software*, 83 S.W.3d at 794. We set aside a finding of fact only if the evidence would not enable a reasonable and fair minded finder of fact to make the finding under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If the

trial court does not issue findings of fact, then "all facts necessary to support the judgment and supported by the evidence are implied." *BMC Software*, 83 S.W.3d at 795.

*Personal Jurisdiction*

A Texas court has personal jurisdiction over a nonresident defendant if the Texas long–arm statute authorizes the exercise of jurisdiction and it is consistent with federal due process. *Coleman*, 83 S.W.3d at 806; *Tri–State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Federal due process requires that the nonresident defendant have purposefully established minimum contacts with the forum state, such that the defendant reasonably could anticipate being sued there. *Glattly*, 177 S.W.3d at 446 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S. Ct. 2174, 2183–84 (1985)). The exercise of personal jurisdiction must also comport with traditional notions of fair play and substantial justice. *Id.* at 447 (citing *Burger King*, 471 U.S. at 475–76, 105 S. Ct. at 2183–84). If the nonresident defendant has purposefully established minimum contacts with the forum state, then only in rare cases will a Texas court's exercise of personal jurisdiction not comport with fair play and substantial justice. *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991).

A nonresident's contacts can give rise to either specific or general personal jurisdiction. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, No. 11–0195, 2013 WL 4608672, at *3 (Tex. Aug. 30, 2013). Specific jurisdiction exists when the cause of action is related to the nonresident's purposeful activities in the forum, whereas general jurisdiction exists when the nonresident has continuous and systematic contacts with the forum. *Id.*

*Specific Jurisdiction*

A court may exercise specific jurisdiction over a nonresident when he purposefully conducts activities in the forum state, and the cause of action arises from or relates to those contacts or activities. *Retamco Operating, Inc. v. Rep. Drilling Co.,* 278 S.W.3d 333, 338 (Tex. 2009). Directing a tort at the forum from afar does not constitute purposeful availment. *Moncrief*, 2013 WL 4608672, at *9 (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790–92 (Tex. 2005)). The plaintiff must show a substantial connection between the defendant's contacts with the forum state and the operative facts of the litigation. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007).

A defendant's purchase or sale of real property in the forum constitutes purposeful availment. *Retamco*, 278 S.W.3d at 340. A defendant's conversation in another country about real property in the forum state, however, is not a

sufficient contact if the defendant holds no interest in the property. *Horowitz v. Berger*, 377 S.W.3d 115, 125 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

In order to pierce the corporate veil for jurisdictional purposes, the plaintiff must prove that the parent company "controls the internal business operations and affairs of the subsidiary [and] the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship." *PHC–Minden, L.P. v. Kimberly–Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007) (quoting *BMC Software*, 83 S.W.3d at 799).

*General Jurisdiction*

General jurisdiction requires continuous and systematic contacts with the forum state. *Moncrief*, 2013 WL 4608672, at *3. Usually the defendant is engaged in longstanding business in the forum state, such as marketing or shipping products to the state, performing services within it, or maintaining one or more offices there. *PHC–Minden*, 235 S.W.3d at 168; *see Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 418, 104 S. Ct. 1868, 1874 (1984).

*Analysis*

As a preliminary matter, Curocom asserts that the trial court erred in admitting Shim's April 2013 affidavit in support of his special appearance, arguing that it did not have sufficient opportunity to depose Shim regarding his affidavit. A litigant must file his affidavit at least seven days before a special appearance

hearing. TEX. R. CIV. P. 120a. Shim timely filed his affidavit because he filed it seven days before the hearing. *See Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 869 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, the trial court did not abuse its discretion in considering Shim's affidavit.

Curocom first notes that Shim personally negotiated Woolim Energy's earlier purchase of the Caliente Field, and traveled to Texas to meet the former owner of the Caliente Field soon after that purchase. But this lawsuit deals with a different transaction: Woolim Energy's later sale of a 90% interest in the Caliente Field to Curocom. Shim's alleged fraudulent conduct in connection with that sale occurred in Korea, not in Texas. Because Shim allegedly committed the tort outside of Texas, he has not purposefully availed himself of the benefits of doing business in Texas. *See Moncrief*, 2013 WL 4608672, at *9; *Michiana*, 168 S.W.3d at 790–92 (holding that directing a tort at the forum state from afar does not constitute purposeful availment).

Relying on the Texas Supreme Court's holding in *Retamco*, Curocom asks that we extend the jurisdictional nexus of Texas real property to include a related fraudulent inducement claim like the one it brings against Shim. *See Retamco*, 278 S.W.3d at 340. We decline to do so under these facts, because Shim individually never owned or sold an interest in the Caliente Field—and some sort of an ownership interest in Texas real property was the basis for jurisdiction in *Retamco*.

7

*See id.* Rather, Woolim Energy (also a defendant in the trial court) is the entity that purchased leases in the Caliente Field and later sold most of its interest to Curocom. Although Shim is a director and shareholder in Woolim Energy's parent company, Curocom has not pleaded that Woolim Energy is Shim's alter–ego or any other basis for jurisdictional veil–piercing. *See PHC–Minden*, 235 S.W.3d at 175.

The facts here are instead analogous to those in the *Horowitz* case. There, our sister court held that the trial court lacked personal jurisdiction over an Israeli promoter of Texas real property. *Horowitz*, 377 S.W.3d at 128. Because the promoter's alleged fraud occurred exclusively in Israel, her activities did not create sufficient minimum contacts with Texas to support personal jurisdiction. *Id.* The Fourteenth Court of Appeals distinguished *Retamco* on the same grounds that apply here, emphasizing that the Israeli promoter had never owned an interest in Texas real property. *Id.* We hold that the trial court properly found that it lacked specific jurisdiction over Shim as an individual defendant.

Finally, Curocom contends that Shim's contacts with Texas support general jurisdiction, but the trial court reasonably concluded that Shim lacked the continuous and systematic contacts with Texas necessary to hale him into a Texas court as an individual defendant. Shim has never resided or worked in Texas. Shim has visited Texas only once. Thus, the trial court also properly found that it

did not have general personal jurisdiction over Shim. *See PHC–Minden*, 235 S.W.3d at 168.

## Conclusion

The trial court properly ruled that it did not have personal jurisdiction over Shim. Accordingly, we affirm the order of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.