**Verna L. SCHYROCK, Appellant,**

v.

**Bert Laroy SCHYROCK, Appellee.**

**No. 13879.**

Court of Civil Appeals of Texas.

Houston.

Jan. 18, 1962.

R. A. Richardson, Kountze, Frank Mabry, Houston, for appellant.

Edward L. Lasof, Lee Roy Janicek, Houston, for appellee.

BELL, Chief Justice.

Appellee recovered judgment against appellant in Harris County awarding him a divorce.

There are really two questions for us to consider: (1) Did the appellee establish his residence in Harris County for a period of six months immediately prior to filing suit, by full and satisfactory evidence? and

(2) Did the appellee establish grounds for divorce by full and satisfactory evidence?

Appellant and appellee were married in April, 1959. Appellant was buying a home at Kountze in Hardin County. After their marriage appellee moved into the home. Unquestionably in the light of all the facts, adduced, appellee up until May 26, 1960 had his residence in Kountze. He does not contend otherwise. He contends that he changed his residence to Harris County about May 26, 1960. He filed his petition for divorce in Harris County December 16, 1960. In his petition he alleges he and appellant lived together as husband and wife until October 12, 1960, when he was forced to separate from appellant. On said October 12 his wife was living in Kountze in the home where she and appellee had lived together since their marriage. To establish residence in Harris County appellee testified he went to Houston May 26 intending to live there. He rented a room by the week in a home and continued to pay rent each week and he stayed there when he was in Houston. He was away a good deal of the time because his work required him to travel. He notified his company of his change of address. He never told his wife of any intention to separate from her or of his intention to establish a residence in Houston. After he says he moved to Houston he admits he spent a few nights in the home at Kountze. As late as the early part of October, 1960 he went to Kountze, went to a dance at the Country Club and then spent the night in the home there.

We are of the view that the evidence does not fully and satisfactorily establish that appellee had established his residence in Harris County for a period of six months immediately preceding the filing of the petition on which he went to trial. The rule that a divorce may be granted only upon full and satisfactory evidence applies to proof of residence. Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529; Snodgrass v. Snodgrass, Tex.Civ.App., 250 S.W.2d 624. While appellee testified he rented the room in Houston intending to make this his home, he also alleged in his petition and testified he did not separate from his wife, who lived in Kountze, until October, 1960. Too, after he rented the room, which he rented only by the week, he spent a few nights in the home in Kountze. All of the time he failed to tell his wife he had decided to move their home to Houston. While we recognize a husband has a right to choose the place of residence, we do not feel that renting a room by the week in another city without saying anything to his marital partner about it, and while he is not separated from her, is sufficient to show he has in fact established a residence different from that where his wife lives.

We are also of the view that the evidence introduced to establish grounds for divorce is not of that full and satisfactory nature required by law. Under Article 4632, Vernon's Ann.Civ.Tex.St., it is required that the evidence establishing facts which in law constitute grounds for divorce be full and satisfactory. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Garcia v. Garcia, Tex.Civ.App., 185 S.W. 2d 227; Gunther v. Gunther, Tex.Civ.App., 297 S.W.2d 725; Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228.

In passing on the question of whether the evidence is full and satisfactory, we may not pass on the credibility of witnesses as does the trial court. However, we have the same duty as the trial court in appraising the evidence which tends to establish grounds for divorce. Assuming to be true all evidence which tends to establish legal grounds, does it reach the quality of being full and satisfactory? Trivial conduct does not suffice. Equivocal testimony tending only to establish grounds does not suffice. Mere conclusion characterizing unspecified conduct does not suffice.

Appellee testified he and appellant lived together about three months. "After that (the three months' period) from time to

time it seemed as though when I came in off the road it was a continual argument and bitterment. Nothing went right. Very seldom I got a chance to visit with her." In answer to his counsel's question as to whether he had any arguments with his wife, he answered, "Yes, numerous arguments. The fact about it, there was seldom a week or weekend that I came that there wasn't an argument * * * One argument was in regard to her working the way she was and no more time than we had to spend together, but I think our biggest argument was about * * * my boys in Houston and I wanted to visit with them and she was against that." She didn't want him to send the money the court had ordered and she told him she had consulted an attorney and he did not have to pay child support after the children were 17. He said he agreed to pay until they were 18. Appellee testified the arguments had caused a return of an ulcerated stomach. He had not had trouble with it for 8 years before the marriage. He complained about her long hours at the beauty shop she owned. They would argue about that. Each Sunday he had to entertain her children and clean house. He asked her to slow down. She frequently had temper tantrums. The cause of them was his boys, her work and the very little time they spent together. Once when they were having an argument she poured beer on him. On one occasion he saw appellant drinking beer at a grocery store with another man. Appellee had bought the beer. One time appellant tried to destroy some of his records. This was on the night he left to move to Houston in October, 1960. He was nervous, couldn't sleep and lost about 14 pounds in weight. When he was leaving in October appellant threw an ash tray at him. There were cockroaches in the house. One time in a rage she threw a shaving kit at him but he doesn't remember when it was.

On cross-examination appellee testified that in October, 1960 he attended a dance at the Country Club in Kountze with his wife. He wasn't too concerned about the cockroaches in the house and he didn't feel imposed on when he had to clean house. When they had quarrels he would sometimes start them. He was asked the question, "You are not trying to tell the court every time this lady jumped on you?" Appellee answered, "I might have brought up the point. I am sure the argument started after that." Then there was the question, "When you brought the point up you realized you were starting an argument, didn't you, Bert?" Appellee answered, "Well, if you have a guarantee I am going to do this or that it rumpled her feathers every time I brought it up because she wasn't living up to the agreements we had."

We are of the view the evidence fails to show a course of cruel, harsh and tyrannical conduct that renders their living together insupportable. The arguments were no more than mutual disagreements about matters that frequently happen between husband and wife. In fact, we are impressed that under appellee's own testimony he was probably as much responsible for them as she. There is really no serious physical violence shown. There were three isolated minor acts of physical misconduct, that is, pouring of the beer, throwing of an ash tray, and throwing of the shaving kit. These were done only in a momentary fit of anger. Too, apparently they were done in the home with no outsiders as witnesses. There was no studied continual course of such conduct.

Being of the view that there is not full and satisfactory evidence, we must reverse and remand the case. If residence has been established by appellee in Harris County for the requisite length of time, an amended petition may be filed. On retrial a fuller development of the facts may show full and satisfactory evidence.

Judgment of the trial court is reversed and the case is remanded.