M. A. SHAW, Appellant,

v.

R. C. HOLMES et al., and Raymond Phillips, Appellees.

No. 5450.

Court of Civil Appeals of Texas, Waco.

May 8, 1975.

Rehearing Denied June 12, 1975.

James H. Martin, Dallas, for appellant.

Rune, Byrne & Galloway, Michael Jay Rune, Dallas, Tom M. Snow, Terrell, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant M. A. Shaw from judgment against him of $3475.72 in favor of appellee Holmes, et al, and $725. in favor of appellee Phillips.

Holmes, et al, a lumber yard, sued M. A. Shaw for $3475.72 for building material alleged to have been delivered to Raymond Phillips' building site upon the promise of Shaw to pay for same. Holmes, et al, alternatively sued Phillips for such amount on quantum meruit. Phillips filed a third party action against Shaw for $1500. for work allegedly performed for Shaw in modifying cameras.

Trial was before the court without a jury which rendered judgment for appellee Holmes, et al, against appellant Shaw for $3475.72; and for appellee Phillips against appellant Shaw for $725.

The trial court filed Findings of Fact and Conclusions of Law pertinent of which are summarized as follows:

### FINDINGS OF FACT

1. On 15 June, 1972, M. A. Shaw entered an oral contract whereby Shaw represented to plaintiff lumber company that he would pay for building materials to be delivered to the home of Raymond Phillips.

2. Such representation of Shaw that he would pay for such materials induced plaintiff lumber yard to deliver the materials to Phillips.

3. Materials in the amount of $3,475.72 were delivered to the home of Phillips at the direction of Shaw.

4. The primary purpose of Shaw's promise to pay plaintiff lumber company was for the direct benefit of Shaw, and not Phillips.

5. The direct benefit to Shaw was to allow Phillips to work for Shaw, which Phillips would not have done unless the building materials were delivered to his construction site, without his directly working on such construction.

6. Shaw wanted Phillips to construct a Cowboy TV antenna for him; time was of the essence for such construction, and Shaw agreed to pay for the materials delivered to Phillips to induce Phillips to construct the Cowboy antenna.

7. Phillips did not promise to pay plaintiff lumber company for the materials.

### CONCLUSIONS OF LAW

1. The obligation of Shaw to plaintiff lumber company was a direct primary obligation to pay for materials secured.

### FINDINGS OF FACT 3RD PARTY ACTION

1. Phillips and Shaw orally contracted whereby Shaw employed Phillips to modify certain TV camera equipment for him.

2. Shaw agreed to pay Phillips $25. per camera modified.

3. Phillips pursuant to the oral contract modified 30 TV cameras for Shaw.

4. Shaw paid Phillips $25. for the modification of the TV cameras.

5. Shaw has not paid Phillips for 29 cameras modified pursuant to the agreement.

6. Shaw owes Phillips $725.

## CONCLUSIONS OF LAW 3RD PARTY ACTION

1. An oral enforceable agreement existed between Shaw and Phillips, for the modification of the TV cameras.

2. Shaw owes Phillips $725.

Appellant Shaw appeals on 48 points contending:

1. There is no evidence, or insufficient evidence, to support Findings 1 thru 7, and such findings are against the great weight and preponderance of the evidence.

2. Conclusion of Law 1 is contrary to the law and the facts.

3. There is no evidence, or insufficient evidence, to support 3rd Party Action Findings 1 thru 6, and such findings are against the great weight and preponderance of the evidence.

4. Conclusions of Law 1 and 2 on the 3rd Party Action are contrary to the law and facts.

James Hendricks a partner and manager of appellee lumber yard testified, as did appellant Shaw and appellee Phillips. For the most part on crucial issues their testimony is in conflict.

There is evidence to the effect Shaw was endeavoring to construct a TV antenna which would pick up at long distances the Cowboy football games which were played in Dallas but not televised for Dallas audiences. Phillips told Shaw he had or could build such an antenna. Time was of the essence to Shaw, as football season was at hand. Phillips was building his home himself. The purchase by Shaw of the materials from the lumber company freed Phillips to give his full attention to the building of the antenna which Shaw desired. The witness Hendricks testified

that Shaw promised to pay plaintiff for the materials. Phillips did go to work for Shaw while carpenters assumed the job of working on Phillips' home.

There is further evidence that Phillips modified 30 TV cameras for Shaw at an agreed price of $25. per camera. There is evidence that Shaw paid Phillips $25. and did not pay on the other 29 camera modifications, which amounts to $725.

 Since this case was tried without the aid of a jury it was the duty of the Trial Judge to pass on the credibility of the witnesses and weight to be given their testimony, and he could reject the testimony of any witness in whole or in part, if he saw fit to do so. State of Texas v. Lynch, Tex.Civ.App., NWH, 390 S.W.2d 335; Hood v. Texas Indemnity Insurance Co., 146 Tex. 522, 209 S.W.2d 345.

There is ample evidence to support the findings of the trial court under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; and the trial court's conclusions of law are correct. Appellant's points and contentions are overruled.

Affirmed.