**Bryan BEAVERS, Appellant,**

v.

**Nelda Jean BEAVERS, Appellee.**

**No. 5649.**

Court of Civil Appeals of Texas, Waco.

Nov. 10, 1976.

Rehearing Denied Dec. 2, 1976.
See 545 S.W.2d 29.

Sue Stepp and Al Witcher, Naman, Howell, Smith & Chase, Waco, for appellant.

Samuel R. Jones and F. Ben Selman, Jr., Jones, Francis & Selman, Inc., Waco, for appellee.

HALL, Justice.

The appellee filed this suit for divorce in McLennan County on December 22, 1975. She pleaded that she was a resident of McLennan County and that the appellant was a resident of Falls County. The appellant filed a plea in abatement alleging that, under the provisions of V.T.C.A., Family Code § 3.21, the suit could not be maintained in McLennan County because the appellee was not a resident of the County for the 90-day period preceding the filing of suit. The plea was heard and overruled on January 9, 1976. The case was heard on its merits on the original pleadings in March, 1976. Judgment was rendered in May, 1976, divorcing the parties and dividing their property. In the judgment the court expressly found that the appellee had been a resident of McLennan County for 90 days preceding the date the suit was filed. The appellant contends the evidence conclusively establishes the validity of his plea in abatement, and that accordingly, the court erred in overruling it. We agree, and reverse the judgment.

In its pertinent parts, Family Code § 3.21 provides, "No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a . . . resident of the county in which the suit is filed for the preceding ninety-day period." A mere constructive residence will not satisfy this statute. It requires an actual, physical, continuous living in the county of suit by one of the parties for the period specified, coupled with a good-faith intent to make that county home. *Wilson v. Wilson,* 494 S.W.2d 609, 611 (Tex.Civ. App., Hou.14th 1973, writ dism.); *Struble v. Struble,* 177 S.W.2d 279, 285 (Tex.Civ.App., Amarillo, 1943, no writ). Of course, the continuity of residence is not broken by a simple, temporary absence from the county. *Therwhanger v. Therwhanger,* 175 S.W.2d 704, 707 (Tex.Civ.App., Eastland 1943, no writ).

The evidence adduced on the plea in abatement shows that the parties had been married ten years. During all this time,

the appellee's place of employment was in the City of Waco, in McLennan County. Their homeplace was in Falls County, and the appellant still lives there. In July, 1975, the appellee, in her words, decided to "set up a residence" at 2839–B Madison Street in the City of Waco, and began paying one-half of the rent on an apartment at that address which was leased by a woman friend of hers. She told some creditors to send her bills to this address and at least one did so. She did not change her address from Falls County with the postal authorities, and she did not tell the appellant, or her employer, or any of her friends and neighbors in Falls County, that she had changed her residence to McLennan County. There is no evidence she ever stayed at the apartment. She continued to stay "each and every night" at the home in Falls County, until she separated from the appellant on December 18, 1975. On that day, she moved her furniture and belongings, and her pet animals, to an address in the City of Hewitt, in McLennan County. She testified, "So far as I am concerned, I have been a resident of McLennan County since the latter part of July, at which time I set up a residence [in Waco] at [the apartment]." She also said that the only reasons she returned to the home in Falls County each day and spent the nights there was to "tend to my animals," and because she feared Mr. Beavers and was afraid he would physically abuse her, as he had done twice before, if she did not return.

The facts of our case are closely akin to those in *Schyrock v. Schyrock,* 353 S.W.2d 50 (Tex.Civ.App., Houston 1962, no writ hist.), which are set forth in that case as follows:

Appellant and appellee were married in April, 1959. Appellant was buying a home at Kountze in Hardin County. After their marriage appellee moved into the home. Unquestionably in the light of all the facts, adduced, appellee up until May 26, 1960 had his residence in Kountze. He does not contend otherwise. He contends that he changed his residence to Harris County about May 26, 1960. He filed his petition for divorce in Harris County December 16, 1960. In his petition he alleges he and appellant lived together as husband and wife until October 12, 1960, when he was forced to separate from appellant. On said October 12 his wife was living in Kountze in the home where she and appellee had lived together since their marriage. To establish residence in Harris County appellee testified he went to Houston May 26 intending to live there. He rented a room by the week in a home and continued to pay rent each week and he stayed there when he was in Houston. He was away a good deal of the time because his work required him to travel. He notified his company of his change of address. He never told his wife of any intention to separate from her or of his intention to establish a residence in Houston. After he says he moved to Houston he admits he spent a few nights in the home at Kountze. As late as the early part of October, 1960 he went to Kountze, went to a dance at the Country Club and then spent the night in the home there.

In *Schyrock,* the court held that the evidence did not establish the appellee's residence in Harris County for a period of six months immediately prior to filing suit (as required at that time by the applicable statute). It said, "While appellee testified he rented the room in Houston intending to make this his home, he also alleged in his petition and testified he did not separate from his wife, who lived in Kountze, until October, 1960. Too, after he rented the room, which he rented only by the week, he spent a few nights in the home in Kountze. All of the time he failed to tell his wife he had decided to move their home to Houston. While we recognize a husband has a right to choose the place of residence, we do not feel that renting a room by the week in another city without saying anything to his marital partner about it, and while he is not separated from her, is sufficient to show he has in fact established a residence different from that where his wife lives."

■ We recognize that the appellant in our case had the burden of proof on his plea

in abatement, and that we must therefore view the proof on the residency question in the light most favorably supporting the appellee's position and the court's finding. Considered in this fashion, the evidence nevertheless shows as a matter of law that the appellee did not actually reside in McLennan County, within the meaning of Family Code § 3.21, until December 18, 1975, only five days before this suit was filed.

The judgment is reversed. The cause is remanded to the trial court and is abated.