Bryan BEAVERS, Appellant,

v.

Nelda Jean BEAVERS, Appellee.

No. 5649.

Court of Civil Appeals of Texas, Waco.

Dec. 2, 1976.

Sue Stepp, Naman, Howell, Smith & Chase, Waco, for appellant.

Dan M. Francis, Jones, Francis & Selman, Inc., Waco, for appellee.

## ON MOTIONS FOR REHEARING

HALL, Justice.

In appellee's motion for rehearing, our order abating this cause after remand has been treated as an order dealing with trial court jurisdiction or venue. It is neither. On the other hand, in his motion for dismissal on rehearing, appellant treats his plea in abatement on residency qualifications as a plea to the jurisdiction or plea in bar to the mere filing of the suit and states that the proper order is an order dismissing rather than an order abating. We disagree.

 Family Code § 3.21 simply prohibits the petitioner in a divorce action from proceeding to trial in the county of suit unless he or the respondent was a good faith resident of the county for at least 90 days immediately preceding the filing of the petition upon which the suit is based. It does not deal with jurisdiction or venue or the right to bring a suit. It deals with the right to maintain a suit filed. In our case, if appellee had filed an amended petition after she had been a good faith resident of McLennan County for 90 days and the case had thereafter proceeded to trial, the court's ruling on appellant's plea in abatement would have been rendered harmless because the only relief he is entitled to receive by it, a stay of proceedings until appellee met the requirements of the statute, would have been satisfied. *Shankles v. Shankles*, 445 S.W.2d 803, (Tex.Civ.App.— Waco 1969, no writ hist.). Although the case now before us was tried after appellee had resided in McLennan County for 90 days, an amended petition was never filed (as we pointed up in our original opinion) and the rule in *Shankles* was not met. If this construction of Family Code § 3.21 can be said to be "technical," it nevertheless serves the salutary purpose for which the statute was enacted by preventing forum shopping within the State by divorce litigants.

Our order abating does not prevent the filing of amended pleadings by appellee setting forth her residency requirements. Neither does it prevent a trial on the amended pleadings in McLennan County if the residency requirements are in fact met and if there are no other legal impediments to maintaining the suit in that county. The parties intimate another divorce action between them may now be pending in Falls County with attendant legal problems. This fact is not shown in the record before us and we make no ruling relating to it.

The appellee's motion for rehearing is overruled. The appellant's motion for an order of dismissal is overruled.