**Charles Raymond WHITEMAN, Jr., Appellant,**

v.

**Betty Ann WHITEMAN, Appellee.**

**No. 05–84–00065–CV.**

Court of Appeals of Texas, Dallas.

Nov. 2, 1984.

J. Michael Coman, Pasadena, for appellant.

Paul R. Leake, Mesquite, for appellee.

Before GUITTARD, C.J., and WHITHAM and TUNKS,[1] JJ.

PER CURIAM.

 Betty Ann Whiteman petitioned for and was granted a decree of divorce from Charles Raymond Whiteman, Jr. by a default judgment. He appeals, contending: (1) that Betty's original petition was filed before Betty established the requisite 90-day residency in Dallas County; and (2) that the amended petition by which Betty established residency was not on file the requisite 60 days prior to the entry of the

1. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, retired, sitting by assignment.

divorce decree. We agree that error is shown by Charles Whiteman's second point. Consequently, we reverse and remand this cause to the trial court.

Until June 9, 1983, Betty Ann Whiteman resided in Harris County. She then moved to Dallas County. On July 19 she filed her original petition for divorce in a district court of Dallas County. On September 9, after she had resided in the county for 92 days and had, therefore, complied with the residency requirements of TEX.FAM. CODE ANN. § 3.21 (Vernon 1975), Betty filed an amended petition. On October 17, 1983, the trial court signed a decree of divorce. Charles Whiteman argues that he should have been granted a new trial if this decree was granted based on Betty's original petition because she had not been a resident of Dallas County for 90 days when she filed it. He then contends that he should have been granted a new trial if the decree was based on Betty's amended petition because it was not on file for 60 days prior to the entry of the decree as required by section 3.60 of the Family Code.

Because Betty filed her original petition in a district court of Dallas County prior to having resided in Dallas County for ninety days, in contravention of TEX. FAM.CODE ANN. § 3.21 (Vernon 1975), we must determine whether this was error. We find it is not. Betty cured this defect by filing an amended petition after she had resided in Dallas County for ninety days. This satisfied the requirement in section 3.21. *Beavers v. Beavers*, 545 S.W.2d 29, 30 (Tex.Civ.App.—Waco 1976, no writ). Further, this filing of the amended petition was the filing of a new suit. *Coleman v. Coleman*, 20 S.W.2d 813, 815 (Tex.Civ.App. —Eastland 1929, no writ). Consequently, we overrule this ground of error.

■ However, Whiteman's contention that the judgment was signed in contravention of TEX.FAM.CODE ANN. § 3.60 (Vernon 1975) is correct, as the face of the record shows. Betty filed her amended petition for divorce on September 9. The trial court granted Betty a divorce on Octo-ber 17, after only 38 days had elapsed. Section 3.60 states:

§ 3.60. Waiting Period

A divorce shall not be granted until at least 60 days have elapsed since the day the suit was filed. However, a decree entered in violation of this section is not subject to collateral attack.

Where, as here, a petitioner has not met the residency requirement in section 3.21 when the original petition is filed, and subsequently the petitioner files an amended petition after meeting the requirement, the filing of the amended petition constitutes the filing of a new suit. *Coleman*, 20 S.W.2d at 814 (Tex.Civ.App.—Eastland 1929, no writ); *Hunt v. Hunt*, 196 S.W. 967, 968 (Tex.Civ.App.—Eastland 1917, no writ). (Both cases were decided under the preceding statute, TEX.REV.CIV.STAT. ANN. art. 4632, repealed by Acts 1969, 61st Leg., p. 2707, ch. 888, § 6, eff. Jan. 1, 1970; however, the Code provision encompasses the same mandatory language as article 4632.)

■ This is a default judgment; therefore, in the absence of a statement of facts no presumption can be entertained that the trial court had before it evidence that would support the judgment. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 315 (Tex.Civ.App.—Dallas 1975, writ ref'd). Thus, the judgment must stand or fall on the pleadings, and TEX.R. CIV.P. 90 states that defects, omissions, and faults in pleadings, either of form or substance, are waived unless complained of in the lower court, except where a default judgment has been rendered. *Cf. Griswold v. Carlson*, 151 Tex. 246, 249 S.W.2d 58, 60 (1952). Consequently, because the amended petition on its face shows that it was not on file the requisite statutory period, the default judgment must be set aside. Therefore, we sustain Charles Whiteman's second ground of error, and set aside the default judgment and remand this cause to the trial court for a new trial.

Reversed and remanded.