Thomas Allan COOK, Relator

v.

Honorable Alan MAYFIELD, Judge, 74th
District Court, McLennan County,
Texas, Respondent.

No. 10–94–283–CV.

Court of Appeals of Texas,
Waco.

Oct. 19, 1994.

Tom C. McCall, McCall & O'Connell, L.L.P., Austin, for relator.

Donald E. Raybold, Clark, Malone, Knapp & Raybold, P.C., Waco, for real party in interest.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Annis Jo Cook (Ann) filed suit for divorce against Thomas Cook in McLennan County on August 5, 1994. Thomas filed a plea in abatement alleging that Ann had not been a resident of the county for ninety days preceding her filing. *See* TEX.FAM.CODE ANN. § 3.21 (Vernon 1993). The court heard and denied the plea in abatement and granted temporary orders under section 3.58 of the Family Code. *See id.* § 3.58 (Vernon 1993). Thomas attempted an interlocutory appeal from the orders granting injunctive relief (Cause No. 94–271–CV), but we sustained Ann's challenge to our jurisdiction and dismissed the appeal.

■ Thomas also filed a Petition for Writ of Mandamus in this cause, asserting that the court abused its discretion by failing to sustain his plea in abatement. Thomas is entitled to mandamus relief only if he establishes that (1) he has no adequate remedy at law and (2) the court abused its discretion. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding).

■ The residency requirement of section 3.21 of the Family Code does not deal with jurisdiction or the right to bring suit. *Beavers v. Beavers,* 545 S.W.2d 29, 30 (Tex. Civ.App.—Waco 1976, no writ) (on rehearing). It deals with the right to maintain suit. *Id.* A plea in abatement is the proper vehicle to challenge residency. *See Oak v. Oak,* 814 S.W.2d 834, 837 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Thomas argues that, should relief not be granted, Ann will have satisfied the residency requirements by the time an ordinary appeal could be perfected and his complaint will then be moot.[1] Thus, he argues that he has no adequate remedy at law. We agree.

■ We must next determine if the court abused its discretion. A court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* The relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.*

■ A court does not abuse its discretion when it bases its decision on conflicting evidence and evidence appears in the record that reasonably supports the decision. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). However, an abuse of discretion occurs when the court acts arbitrarily or unreasonably or when it rules based upon factual assertions not supported by the record. *Vinson v. Texas Commerce Bank–Houston N.A.,* 880 S.W.2d 820, 823 (Tex.App.—Dallas 1994, n.w.h.).

■ The determination of whether a court abused its discretion is a question of law. *Jackson v. Van Winkle,* 660 S.W.2d

---

1. *See, e.g., Shankles v. Shankles,* 445 S.W.2d 803, 805 (Tex.Civ.App.—Waco 1969, no writ). He also argues, with some merit, that lack of a remedy would encourage blatant forum shopping.

807, 810 (Tex.1983). We must determine whether the court erred, even though it complied with the law in all other respects, because its determination was legally unreasonable in the factual-legal context in which it was made. *See Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 939 (Tex.App.—Austin 1987, no writ).

Almost twenty years ago this court had occasion to consider the requirements of section 3.21 of the Family Code. We said:

> In its pertinent parts, Family Code § 3.21 provides, "No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a ... resident of the county in which the suit is filed for the preceding ninety-day period." A mere constructive residence will not satisfy this statute. It requires an actual, physical, continuous living in the county of suit by one of the parties for the period specified, coupled with a good-faith intent to make that county home. *Wilson v. Wilson,* 494 S.W.2d 609, 611 (Tex.Civ.App., Hou.14th 1973, writ dism.); *Struble v. Struble,* 177 S.W.2d 279, 285 (Tex.Civ.App., Amarillo, 1943, no writ). Of course, the continuity of residence is not broken by a simple, temporary absence from the county. *Therwhanger v. Therwhanger,* 175 S.W.2d 704, 707 (Tex.Civ. App., Eastland 1943, no writ).

*See Beavers v. Beavers,* 543 S.W.2d 720, 721 (Tex.Civ.App.—Waco 1976, no writ).

▪ Ann testified that she was a "resident" of McLennan County. She testified that her childhood home on Randy Street—which her mother has owned since 1961—was one of her residences. She maintains that this house has been one of her residences since 1983 and that she has never intended to abandon it.[2]

She also testified that she moved to Williamson County in July 1990, that she moved into an apartment with Thomas located in Williamson County in the fall of 1991, that they married in early 1993 and lived together in apartments in Williamson and Travis Counties until they purchased a home together in Travis County in March 1994. Her driver's license listed her residence as Travis County. As recently as April 1994, she had changed her voter registration residence from one address in Travis County to the address of her new home in Pflugerville. Until shortly before she filed for divorce, she worked fulltime in Travis County. At no time during the marriage did she tell Thomas that she considered the house on Randy Street in Waco to be her residence.

▪ Ann testified that she was actually, physically living with Thomas in Travis County until July 24. On that date, while Thomas was out of the State, she rented a large truck and moved furniture, appliances, and clothes to Waco. She filed for divorce in McLennan County twelve days later, on August 5. She stipulated that she had lived *more* days in Travis County than in McLennan County, but testified that she was "constantly" coming to the house on Randy Street to care for her ailing mother and son. She testified that she spent as many as two to three weekends a month at the house on Randy. Although she did not own the house on Randy, she testified that she owned the bedroom furniture in her room at the house. Beginning in April 1994, she received a Mastercard bill at the Randy address.

Although Ann testified to the legal conclusion that her residence was at the Randy address, we must measure her testimony against the *Beavers* standard. Residency requires an actual, physical, continuous living in the county of suit by one of the parties for the period specified, coupled with a good-faith intent to make that county home. *Beavers,* 543 S.W.2d at 721. By her own testimony, Ann was actually, physically living with Thomas in Travis County until she packed up the U–Haul truck on July 24.

From a careful review of the entire record, we conclude that the record does not reasonably support the Respondent's determination that Ann was a resident of McLennan Coun-

---

**2.** Ann testified that she had lived at the home on Randy prior to her first marriage in 1969 and had moved back to the house after her divorce in 1972. She remarried and moved out in 1972 and returned after a subsequent divorce in 1982. She moved to California for a period of time and returned in 1983.

ty for ninety days preceding the date she filed for divorce.[3] *See Davis,* 571 S.W.2d at 862. Thus, Respondent abused his discretion when he failed to sustain Thomas's plea in abatement. *See id.*

Having determined that an abuse of discretion occurred, we conditionally grant the writ of mandamus and order Respondent to grant Thomas's plea in abatement. The writ will issue only if he refuses to grant the plea in accordance with this opinion.

CUMMINGS, J., dissenting.

CUMMINGS, Justice, dissenting.

I respectfully dissent. The issue here is not one of jurisdiction, but instead it is a question of residency to satisfy the requirements of Section 3.21 of the Texas Family Code in a divorce action. The question of residence is a question of fact. *Bomar v. Bomar,* 229 S.W.2d 859, 860 (Tex.Civ.App.— Dallas 1950, no writ).

Since the *Beavers* case relied on by the majority, the Texas Supreme Court has written on issues involving writs of mandamus. In *Johnson,* the Court instructs us that mandamus is a "discretionary remedy." *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *See id.* at 917; *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). In *Johnson* the Court outlined the responsibility of the trial court, and stated: "A trial court, on the other hand, abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. (Cites omitted). A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. (Cite omitted). The relator must establish, under the circumstances of the case, that the facts and law *permit the trial court to make but one decision.* (Emphasis added). This determination is essential because mandamus will not issue to control the action of a lower

court in a matter involving discretion. *Id.* at 917. (Other cites omitted). In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter. *Id.* at 918. A mere error in judgment is not an abuse of discretion. *Id.* If the matter is truly one requiring the exercise of discretion, such discretion lies with the trial court. An appellate court may not substitute its discretion for that of the trial court." *Id.*

From the above authorities, I believe that when there is disputed evidence, such as in this case, such discretion should lie with the trial court. It is the trial judge's duty to pass on the credibility of the witnesses and weight to be given their testimony, and he may reject the testimony of any witness in whole or in part, if he sees fit to do so. *See Shaw v. Holmes,* 524 S.W.2d 74, 76 (Tex.Civ. App.—Waco 1975, no writ). For whatever reason, after observing the testimony and demeanor of the Relator, the trial court could have chosen not to consider parts or all of his testimony and could have believed the testimony of Ann Cook. During the hearing of the plea in abatement, Relator attempted to invoke his Fifth Amendment right against self-incrimination concerning why he had previously changed his name. He also was evasive in his testimony about what he had told his wife about how many times he had previously been married.

Mrs. Cook testified that she had always intended her residence to be in McLennan County, that she maintained furniture in her bedroom at her mother's house, kept clothing in the bedroom closet, and that her son lived there. Relator admitted that Ann came to Waco consistently over a long period of time since their marriage and that she had spent from 50 to 70 nights in Waco apart from him. The court could have believed that Ann did not tell her husband about her intent to claim her residency in Waco because of her fear of him, since she testified he had threatened to kill her, that he tried to choke her son, that he kept guns everywhere, and that he was

---

3. Ancillary relief may not be granted when a party has not met the residency requirements of section 3.21. *Mlcoch v. Mlcoch,* 612 S.W.2d 682, 682–83 (Tex.Civ.App.—Dallas 1981, no writ); Tex.Fam.Code Ann. § 3.21 (Vernon 1993).

constantly telling her of his CIA connections. Under these disputed facts, I do not believe the Court was in a position to *make but one decision,* and I do not believe we should substitute our judgment on the credibility and weight to be given the testimony which was before the trial court.

Further, in *Arbor v. Black,* 695 S.W.2d 564, 567 (Tex.1985), the Supreme Court declared that it lacked jurisdiction to issue writs of mandamus to supervise or correct incidental rulings such as pleas in abatement, among other matters.

For these reasons, I would deny the application for writ of mandamus.