Wayne Barker v. Rebecca Barker















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-266-CV

     WAYNE BARKER,
                                                                         Appellant
     v.

     REBECCA BARKER,
                                                                         Appellee
 

From the County Court at Law
Coryell County, Texas
Trial Court # 97-2577
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Wayne Barker appeals from a judgment of the trial court granting his wife, Rebecca
Barker, a divorce.
      Appellee, Rebecca Barker, a prison inmate in the Gatesville-Coryell County Unit of the Texas
Department of Criminal Justice, filed pro se in forma pauperis for a divorce from Appellant.
      Rebecca alleged in her petition that she had been a domiciliary of this State for the preceding
six month and a resident of Coryell County for the preceding ninety-day period.
      The reporter’s record contains evidence taken at a pretrial hearing in which Appellant sought
to have the court order Appellee to answer interrogatories. The court took up each interrogatory
and required Appellee to answer some of the interrogatories. When Question No. 12 was reached,
the following occurred:
[THE COURT TO REBECCA]: Do you plan to make Coryell County your home? 
Explain if the answer is “no.” 
 
[THE COURT TO WAYNE]: I’ll ask you the importance of Question No. 12?
 
[APPELLANT]: To determine if she merely has constructive residence in Coryell
County and doesn’t plan to stay.
 
[THE COURT]: What does that have to do with the marriage relationship, her future
plans as to whether she intends to reside in Coryell County or some other county?
 
[APPELLANT]: Case law says that constructive residence is improperly filed.
 
[THE COURT]: Say that again.
 
[APPELLANT]: The case present[ly] out of Tenth District of Appeals is that constructive
residence . . . .
 
[THE COURT]: She’s physically residing in Coryell County.
 
[APPELLANT]: But she doesn’t plan to stay.
 
[THE COURT]: That has nothing to do with it. She’s physically present. I don’t think
her future plans has [sic] anything to do with it. She’s physically residing in Coryell
County.
 
[APPELLANT]: I have a case from Tenth District stating . . . court required actual
continuous living in the county by one of the parties specified coupled with a good faith
intent to make that county home. Consequently mere constructive residence will not
suffice to satisfy the residence requirement. Cook v. Mayfield, 886 S.W.2d 840, 842-43
(Tex. App.—Waco 1994); Beavers v. Beavers, 543 S.W.2d 720, 721 (Tex. App.—Waco
1976, no writ).
 
[THE COURT]: Alright. No. 12 you are not required to answer.
 
[THE COURT] [as to Question No. 13]: When do you anticipate making parole? What
does that have to do with the divorce?
 
[APPELLANT]: Constructive resident again.
 
[THE COURT]: You do not have to answer 13.

      At trial Appellee offered no evidence that she had resided in Texas for six months and in
Coryell County for ninety days.
      A jury heard Appellee’s allegation of conflict and discord and found that the marriage of
Rebecca and Wayne had become insupportable because of a discord or conflict of personalities that
destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation
of reconciliation.
      The trial court entered a judgment finding that Rebecca had been domiciliary of Texas for at
least six months and a resident of Coryell County for at least ninety days, and the divorce was
granted.
      Appellant appeals pro se contending:
      (1)  Appellee failed to present evidence of her residence; and
      (2)  The trial court erred when it disallowed interrogatory questions pertaining to residence
requirements.
 
Section 6.301 of the Texas Family Code provides:
General Residency Rule for Divorce Suit. A suit for divorce may not be maintained in
this state unless at the time the suit is filed either the petitioner or respondent has been:
 
            (1)  a domiciliary of this state for the preceding six months period; and
            (2)  a resident of the county in which suit is filed for the preceding 90 day
period.

      This court has considered the requirements of the above sections of the Family Code on two
occasions. In Beavers v. Beavers, 543 S.W.2d 720, 721 (Tex. App.—Waco 1976, no writ) this
court held:
In its pertinent part, Family Code § 3.21 [now § 6.301] provides: No suit for divorce
may be maintained unless at the time suit is filed the petitioner or the respondent has been
. . . a resident of the county in which suit is filed for the preceding 90 day period. A
mere constructive residence will not satisfy this statute. It requires and actual, physical,
continuous living in the county of suit by one of the parties for the period specified,
coupled with a good faith intent to make that county home. Wilson v. Wilson, 494
S.W.2d 609, 611 (Tex. App.—Houston [14th Dist.] 1973, writ denied); Struble v.
Struble, 177 S.W.2d 279, 285 (Tex. App.—Amarillo 1943, no writ). Of course the
continuity of residence is not broken by temporary absence from the county.

      Such holding was re-stated by this court in Cook v. Mayfield, 886 S.W.2d 840, 841 (Tex.
App.—Waco 1994, no writ).
      There is no evidence in this record that Appellee has been a resident of Texas for six months
and of Coryell County for ninety days; and no evidence that she intends to make Coryell County
her residence after release from prison. Further, there is no evidence of her expected release or
parole date, or where she intends to reside when that time arrives.
      The above cited authorities apply in a case where the petitioner is a resident of a prison and
files for a divorce in the county of incarceration. If that petitioner entered the prison facility at
least ninety days prior to filing suit, he or she must still have a good faith intent to make that
county home upon release. Otherwise the inmate’s residence in the county of the prison’s location
is a mere constructive and temporary residence.
      Appellee’s stay in prison in Coryell County is a temporary and constructive residence unless
she intends to remain in such county after her release.
      Both of Appellant’s contentions are sustained. The judgment is reversed and the case
remanded to the trial court.
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed June 23, 1999
Do not publish