Opinion filed December 21, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00386-CV 

 

                                                    __________

 

                                   IN RE AARON DOUGLAS ROWE

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

 

Relator Aaron Douglas Rowe has filed a petition
for writ of mandamus asking this court to issue a writ of mandamus ordering the
trial court to set aside its temporary orders and abate divorce proceedings
initiated by his wife.  We find relator
has not demonstrated a lack of an adequate remedy at law and deny the writ.

                                                               Background
Facts

Respondent Hollie Wynette Rowe filed for divorce
in Midland County on October 19, 2005. 
Relator filed for divorce in Collin County two days later on October
21.  Relator was timely served, and he
filed a Motion to Dismiss for Lack of Jurisdiction and Plea in Abatement,
contending that respondent had not been a resident of Midland County for 90
days prior to filing suit.  The trial
court held an evidentiary hearing and denied relator=s
motion.

                          Is
Mandamus Available For a Venue Ruling In a Divorce Action?

The threshold issue in any mandamus action is
whether mandamus is an appropriate remedy. 
The Texas Supreme Court has held that mandamus will not issue unless (1)
the trial court has committed a clear abuse of discretion (2) for which appeal
is not an adequate remedy.  Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).

Relator contends that the evidence conclusively
established that respondent was not a resident of Midland County for at least
90 days before filing her divorce action as is required by Tex. Fam. Code Ann. ' 6.301 (Vernon 1998) and that the trial
court abused its discretion by finding otherwise.  Relator contends that he has no adequate
remedy at law because as time passes his wife will be able to satisfy the
statute=s
residency requirement and make his appeal moot.

Relator relies upon Cook v. Mayfield, 886
S.W.2d 840, 841 (Tex. App.CWaco
1994, orig. proceeding), for his argument that the passage of time will defeat
his venue argument and make any appeal moot. 
We respectfully decline to follow Cook because we believe that
the court incorrectly interpreted Section 6.301.  This statute provides:

A suit for divorce may not be maintained in this
state unless at the time the suit is filed, either the petitioner or the
respondent has been:

 

(1) a domiciliary of this state for the preceding
six-month period; and

 

(2) a resident of the county in which the suit is
filed for the preceding 90-day period. 
(Emphasis added)

 

Because Section 6.301 requires a petitioner to establish
residency before filing suit, as opposed to before receiving a divorce, the
mere fact that time will pass during the pendency of this proceeding does not
deprive relator of the opportunity to appeal the trial court=s decision to deny his plea in
abatement.  Per the plain language of the
statute, residency must be established as of the date the suit is filed.  Relator can effectively raise this issue on
appeal.  Therefore, the application of
Section 6.301 alone does not deprive him of an adequate remedy at law.  








We next consider whether, as a general
proposition, the appeal of a venue ruling provides relator with an adequate
remedy at law.  The Texas Supreme Court
has held that, in this context, the word Aadequate@ has no comprehensive definition but is
Asimply a proxy for the careful balance
of jurisprudential considerations that determine when appellate courts will use
original mandamus proceedings to review the actions of lower courts.@ 
In re Prudential Ins. Co. of America, 148 S.W.3d 124, 136 (Tex.
2004).  On the one hand, mandamus review
of incidental, interlocutory rulings interferes with trial court proceedings,
forces appellate courts to spend valuable time with issues that may ultimately
be unimportant to the disposition of the case, and adds to the expense and
delay of the litigation for the parties. 
Id.  On the other, mandamus
review of significant rulings in exceptional cases may preserve important
substantive and procedural rights, allow appellate courts to give needed and
helpful direction, and spare the parties of the expense of re-litigating
improperly conducted proceedings.  Id.  Ultimately, an appellate remedy is
adequate when any benefits of mandamus review are outweighed by its
detriments.  Id.

A wrongful venue determination is not subject to
harmless error analysis and by statute is reversible error.  Tex.
Civ. Prac. & Rem. Code Ann. '
15.064(b) (Vernon 2002).  We are mindful
that allowing a trial to go forward, even though potentially reversible error
has been committed, puts at risk the resources of the parties and the trial
court.  Nonetheless, the Texas Supreme
Court has consistently held that reversible error alone is insufficient to
warrant mandamus relief, Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d
304, 308 n.11 (Tex. 1994); and that venue decisions in two-party suits, except
for suits affecting the parent child relationship, are incidental trial rulings
correctable by appeal.  See In re
Missouri Pac. R.R. Co., 998 S.W.2d 212, 215 (Tex. 1999).[1]

The Texas Legislature responded to the supreme
court=s refusal
to review venue decisions by mandamus with Tex.
Civ. Prac. & Rem. Code Ann. '
15.0642 (Vernon 2002).  This statute
authorizes parties to seek mandamus to enforce the mandatory venue provisions
of Chapter 15.  The legislature=s response was a limited one.  Only mandatory venue provisions created by
Chapter 15 were afforded mandamus review. 
We must presume, therefore, that the legislature otherwise agreed with
the supreme court that mandamus was inappropriate for venue rulings.

 








                                                                     Conclusion

Texas Supreme Court precedent, and the Texas
Legislature=s
measured response, compel a finding that an appeal of a venue ruling provides
relator with an adequate remedy at law. 
We conclude, therefore, that mandamus is not available to review the
trial court=s venue
determination;  we express no opinion on
the merits of that ruling.  The petition
for writ of mandamus is denied.

 

RICK STRANGE

JUSTICE

 

December 21, 2005

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]The Texas Supreme Court justified the exception for
suits affecting the parent child relationship because of the need to
expeditiously resolve custody and support issues.  Proffer v. Yates, 734 S.W.2d 671, 673
(Tex. 1987).  Neither party has
characterized this as a suit affecting the parent child relationship.  We note, however, that the parties have a
newborn infant.  Tex. Fam. Code Ann. ' 103.001 (Vernon 2002) is the venue statute for an original
SAPCR.  As a general rule, venue is in
the county where the child resides, but an exception exists when venue is fixed
in a suit for dissolution of marriage.  Id.