



## MEMORANDUM OPINION

No. 04-09-00745-CV

Cynthia **GUTIERREZ**,
Appellant

v.

Gabriel M. **DAVILA**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-19225
Honorable Honorable Fred Shannon[1], Judge Presiding

Opinion by: Steven C. Hilbig, Justice

Sitting:  Catherine Stone, Chief Justice
        Sandee Bryan Marion, Justice
        Steven C. Hilbig, Justice

Delivered and Filed:  December 1, 2010

REVERSED AND REMANDED

      Cynthia Gutierrez appeals a final default decree of divorce, and claims her due process rights were violated, the trial court erred in granting a divorce before the mandatory sixty-day waiting period expired, and the trial court erred in denying her plea in abatement. We reverse and remand.

---

[1] Sitting by assignment.

## BACKGROUND

Gabriel M. Davila moved to Bexar County in October 2008, and filed for divorce the following month. The original petition alleged Gabriel had been "a domiciliary of Texas for the preceding sixth-month period and is a resident of this county." Cynthia claims she was not served with citation in the Bexar County divorce action; however, she signed temporary orders addressing distribution of property, child custody, and child support on December 19, 2008. Cynthia filed an original petition for divorce in Dallas County on April 20, 2009. On May 29, 2009, Gabriel obtained a final decree of divorce by default in Bexar County. Cynthia filed a motion to set aside the decree in June 2009. In the motion, Cynthia asserted, among other things, that Gabriel failed to meet the ninety-day statutory residency requirements before filing his petition in November 2008. Before the motion was heard, and while the default divorce decree was still in effect, Gabriel set the divorce for trial on August 31, 2009. Gabriel also filed a supplemental petition for divorce that stated:

> Alternatively, where necessary, in the event the Court grants Respondent's Motion to Set Aside Decree, pursuant to Rule 69 of Texas Rules of Civil Procedure, and without waiving his Original Petition for Divorce filed with this Court on November 14, 2008, but expressly ratifying same and in response to the allegations made in Respondent's Motion to Set aside Decree, Petitioner supplements his Original Petition for Divorce as follows:
>
> '3A <u>Domicile</u>
>
> Petitioner and the child Nickolas Antonio Davila have been residents of Bexar County, Texas since on or about October 10, 2008 and Petitioner was a resident of Bexar County for 90 days as of on or about January 7, 2009.'

On August 11, 2009, the trial court granted Cynthia's motion to set aside the May 29, 2009 final divorce decree. Cynthia filed a plea in abatement contending the Bexar County cause should be abated because another Texas court had acquired dominant jurisdiction. Cynthia asserted the

Bexar County action should be abated because Gabriel had not met the ninety-day residency requirement at the time he originally filed his petition for divorce. The plea was set for hearing on September 14, 2009.

On August 31, 2009, Gabriel appeared pursuant to his trial setting; however, Cynthia did not. The trial court granted a default decree of divorce and denied Cynthia's plea in abatement. Cynthia filed a motion to set aside the decree asserting lack of proper notice of the trial setting. The motion was denied, and Cynthia appeals the final decree of divorce.

## DISCUSSION

Cynthia raises four issues challenging the final divorce decree and one issue related to the denial of her plea in abatement. For disposition of this appeal, we need only address the fourth issue and the fifth issue related to the plea in abatement.

In issue four, Cynthia contends the trial court erred in signing the divorce decree on September 1, 2009, because the mandatory sixty-day waiting period for granting a divorce had not expired. We agree.

Section 6.702 of the Family Code provides "the court may not grant a divorce before the 60th day after the date the suit was filed." TEX. FAM. CODE ANN. § 6.702 (West 2006). When the original petition is filed before the party has resided in the county for ninety days, in contravention of section 6.301, a trial court cannot grant the divorce until the petitioner files an

amended petition after meeting the ninety day residency requirement.[2] *Whiteman v. Whiteman*, 682 S.W.2d 357, 358 (Tex. App.—Dallas 1984, no writ); *see also Beavers v. Beavers*, 545 S.W.2d 29, 30 (Tex. Civ. App.—Waco 1976, no writ); *Coleman v. Coleman*, 20 S.W.2d 813, 815 (Tex. Civ. App.—Eastland 1929, no writ). After the amended petition is filed, the sixty-day waiting period required by section 6.702 begins to run, and the parties must wait sixty days before the divorce may be properly granted. *Whiteman,* 682 S.W.2d at 358.

When Gabriel filed his petition for divorce in November 2008, he had not resided in Bexar County for ninety days, which was a prerequisite to his right to maintain a divorce action. TEX. FAM. CODE ANN. § 6.301 (West 2006). However, Davila filed a supplemental petition for divorce, which stated that he met the residency requirements for filing suit in Bexar County on January 7, 2009—two months after he filed his original petition for divorce. Cynthia claims that when Gabriel supplemented his petition on July 14, 2009, he corrected the defect in his original filing, and the sixty-day waiting period began on that date. Because the divorce was granted on Sept. 1, 2009—only 47 days after the supplemental petition was filed—Cynthia contends the trial court erred in granting the divorce.

Gabriel argues a supplemental pleading, as contrasted to an amended petition for divorce, does not have the effect of waiving or withdrawing the party's previous pleading, and the filing of the supplemental petition did not restart the sixty-day waiting period. Gabriel contends the

---

[2] A suit for divorce is not properly filed unless at the time the suit is filed the petitioner or respondent has been a domiciliary of the state for the preceding six-month period and a resident of the county in which the suit was filed for the preceding ninety-day period. TEX. FAM. CODE ANN. § 6.702 (West 2006). It is not sufficient for time to pass during the pendency of the suit. *In re Rowe*, 182 S.W.3d 424, 426-27 (Tex. App.—Eastland 2005, orig. proceeding). Section 6.301 controls a party's right to maintain a suit for divorce and is a mandatory requirement that the parties cannot waive. *Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *Oak v. Oak*, 814 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1991, writ denied)(residency requirements prescribe qualifications that must be met before a court may grant a divorce); *Berry v. Berry*, 612 S.W.2d 213, 216 (Tex. Civ. App.—Beaumont 1980, writ dism'd)(stating parties cannot waive residency requirement).

supplemental petition was "a clarification of the general residency requirement statement made in the Original petition for divorce filed on November 14, 2008." The supplemental petition states it is in response to the allegations in Cynthia's motion to set aside the default divorce decree and supplements the original petition.

The supreme court recently reiterated its previous explanation of the proper function of original, supplemental, and amended pleadings as follows:

> Under the prescribed practice in the district and county courts the original and the supplemental pleadings 'constitute separate and distinct parts of the pleading of each party,' the former being for the purpose of stating or defending against the cause of action, and the latter for the purpose of replying to the allegations of the opposing party immediately preceding them; whereas an amendment to either, 'as contradistinguished from a supplemental petition or answer,' is designed to 'add something to, or withdraw something from the amending party's own pleading, so as to cure its deficiencies.

*Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 -54 (Tex. 2003)(quoting *Glenn v. Dallas County Bois D'Arc Island Levee District*, 114 Tex. 325, 268 S.W. 452 (1925)). Additionally, "though a pleading may be denominated a supplement it may actually constitute an amendment . . . ." *Glenn v. Dallas County Bois D'Arc Island Levee District*, 114 Tex. 325, 268 S.W. 452 (1925).

Gabriel's supplemental petition specifically ratified the original petition, and added something to the original; therefore, it operated to cure the residential defect in his original petition and serves as an amended petition. *Cf. Glenn v. Dallas County Bois D'Arc Island Levee District*, 114 Tex. 325, 268 S.W. 452 (1925). Moreover, if the supplemental petition is not construed as an amended petition, then Gabriel has not remedied the defect in filing his original petition before he met the residency requirements. To have the right to maintain the divorce action and obtain a divorce, Gabriel had to file an amended petition after meeting the residency

requirements. *See Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *Oak v. Oak*, 814 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Either Gabriel's supplemental petition constitutes an amended pleading filed after the residency requirements were met, and the sixty day period began at that time, or he still has not met the residency requirements of section 6.301. We hold that Gabriel's supplemental petition constitutes an amended petition and the filing of a new suit. *See Whiteman,* 682 S.W.2d at 358. Consequently, when the final divorce decree was signed, the mandatory sixty-day waiting period had not expired. *See Whiteman,* 682 S.W.2d at 358. The trial court erred in granting Gabriel a divorce on September 1, 2009.

We reverse and remand for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice